UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DERRICK TAYLOR, : | |
|     Plaintiff, : | |
| : | PRISONER |
| v. : | CASE NO. 3:10-cv-245 (HBF) |
| : | |
| BRIAN K. MURPHY, et al., : | |
|     Defendants. : | |

RULING ON PLAINTIFF'S MOTION TO COMPEL [Doc. #24]

In this civil rights action, plaintiff Derrick Taylor ("Taylor") challenges the requirement that inmates confined in Phase I of the Security Risk Group Safety Threat Member ("SRGSTM") program wear handcuffs behind their back during recreation. Taylor has filed a motion to compel specific responses to portions of a discovery request served on defendant Quiros. For the reasons that follow, Taylor's motion is DENIED.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to

compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain. In his affidavit, Taylor states that he attempted to resolve the dispute by sending two letters to defendants' counsel, but counsel's responses did not resolve all issues. He contends that Interrogatories Nos. 2, 3, 6 and 7 and Requests for Production Nos. 2, 5, 6, 7 and 8 remain unresolved. See Doc. #24 at 3.

After reviewing Taylor's reply to the defendants' opposition to the motion to compel, the Court questions whether Taylor in fact engaged in the good faith discussion required by the local rule.[1]

In Interrogatory No. 2, for example, Taylor requested information regarding the program and phase assignments of another inmate since the date upon which the inmate attacked a correctional officer. The defendants initially objected on the ground that an inmate is not permitted to possess information about other inmates, Pl.'s Mem. at 2, but filed a supplemental response indicating that the inmate was held in Administrative Segregation Phase III. See November 12, 2010 Letter, Doc. #25-2.

---

[1] Although Taylor is proceeding pro se, he has received legal assistance from Attorney Richard Cahill at Inmates' Legal Assistance Program since the commencement of this action. Attorney Cahill drafted the complaint in this case along with Taylor's opposition to the defendants' motion for summary judgment and the present motion to compel. In light of this involvement, Attorney Cahill also would have been available to advise Taylor of how to conduct a good faith attempt to resolve the discovery disputes.

2

In his reply memorandum, Taylor states that he only needs to know whether the inmate was allowed to recreate unrestrained after attacking a correctional officer. This more specific information should have been requested in a good faith discussion between the parties.

In Request for Production No. 2, Taylor sought "[a]ny and all Department of Correction policies or procedures related to staff escort of prisoners wearing restraints." Pl.'s Mem. at 4. The defendants objected on the ground that the request was overly broad and sought information which could not safely be provided to an inmate, but provided and referred Taylor to Administrative Directive 6.5, Use of Force. In his motion to compel, Taylor states that he requires this information to know whether there is a departmental policy to escort inmates handcuffed behind their backs by holding the inmate's elbow or shoulder to prevent a fall. In opposition, defendants contend that if this is the reason for the request, that information could have been obtained by an interrogatory or request for admission. In his reply memorandum, Taylor attempts to convert the request for production into an interrogatory. He does not explain why he did not seek this specific information in response to the defendants' initial objection.

Also, in Requests for Production Nos. 5 and 6, Taylor sought complete copies of his master file and medical file. The

3

defendants objected on the ground that institutional procedures allow Taylor to make requests to review these files. In his motion to compel, Taylor states that, in his "experience, requests to review files are not complied with in a timely manner." Pl.'s Mem. at 6. There is no indication in the motion that Taylor made any attempt to resolve this matter with defendants' counsel. He does not indicate, for example, that he sought to review the files in connection with this case and was denied permission or was not afforded enough time to locate information in the files pertinent to this case. Nor does he indicate that he provided a release to Attorney Cahill, who drafted nearly all of the papers filed by Taylor in this case, and that Attorney Cahill was denied permission to view the files.

Taylor appears belatedly to be attempting a good faith resolution regarding many of the discovery requests in his reply memorandum. This is not proper. However, in light of the discussions at the May 3, 2011 status conference, the Court will address the merits of the motion to compel.

Interrogatory No. 2

Taylor sought information regarding the program and phase assignments of inmate Robin Elliott after Elliott attacked a correctional officer. The defendants initially objected on the ground that an inmate is not permitted to possess information about other inmates but stated that Elliott was held in

4

Administrative Segregation Phase III. Taylor now states that he only wants to know whether Elliott was permitted to recreate unrestrained after he attacked a correctional officer. This information would be relevant to Taylor's claims. The defendants are directed to admit or deny that Elliott was permitted to recreate unrestrained while in Administrative Segregation Phase III after he assaulted a correctional officer.

Interrogatory No. 3

Taylor asks whether the general practice is to place an inmate in Administrative Segregation when that inmate is accused of assaulting a staff member or another inmate. The defendants stated that each situation was different. The defendants have responded that there is no general practice. This response is sufficient.

Interrogatories No. 6 and 7

Taylor seeks information regarding the availability of congregate religious services before and after the institution of the restraint policy. The defendants objected on the ground that this information is not related to any issue in this case. The Court agrees with the defendants' objection. Availability of congregate religious services is an issue in another of Taylor's cases. There are no allegations regarding religious services in this case and the Court will not permit Taylor to add any claims regarding religious services at this late stage of litigation.

The motion to compel is denied as to interrogatories 6 and 7.

Request for Production No. 2

Taylor seeks copies of all Department of Correction policies or procedures relating to staff escort of prisoners wearing restraints. The defendants objected to his request as overly broad and seeking information that cannot safely be provided to an inmate.

Taylor has attempted to modify his request and now states that he wants to know only whether departmental policy requires that staff hold an inmate's elbow or shoulder when escorting a restrained inmate to prevent the inmate from falling. The Court concludes that this specific information is relevant to the issues in this case. Accordingly, the defendants shall admit or deny that departmental policy requires correctional staff to hold an inmate's elbow or shoulder when escorting a restrained inmate.

Requests for Production No. 5 and 6

Taylor seeks complete copies of his master file and medical file. He has not attempted to review these documents by utilizing normal procedures. Rather he states that, in his experience, requests to review these files are not handled in a timely manner. As Taylor has access to these files and has not made any attempt to review them, the Court concludes that these production requests are premature.

Request for Production No. 7

Taylor seeks copies of all policies and procedures regarding the sterilization of mechanical restraints. He contends that this information is relevant because the restraints can cause cuts and the failure to properly and timely sterilize the restraints could support a claim of deliberate indifference to inmate health and safety. The defendants object to the production of this information on safety and security grounds, but stated that mechanical restraints are required to be sanitized at least once per month. The Court agrees that release of specific information regarding the sterilization process would jeopardize institutional safety and security and concludes that the information provided is an adequate response to the request.

Request for Production No. 8

Finally, Taylor seeks a copy of the Almighty Latin King and Queen Nation manifesto/constitution introduced as an exhibit at his June 14, 2010 disciplinary hearing. The defendants objected to production of this document for safety and security reasons.

The issue in this case is the constitutionality of requiring inmates in Phase I of the Security Risk Group Safety Threat Member Program to attend recreation handcuffed behind their backs. The document requested is not related to this claim.

In conclusion, Taylor's motion to compel [**Doc. #24**] is **DENIED** as to Interrogatories No. 3, 6, 7 and Requests for

Production No. 5, 6, 7, 8 and **GRANTED** in part as to Interrogatory No. 2 and Request for Production No. 2. The defendants shall serve their responses to the requests for admission formulated above regarding Interrogatory No. 2 and Request for Production No. 2 within **fourteen (14)** days from the date of this order.

    **SO ORDERED** this _5th_ day of May 2011, at Bridgeport, Connecticut.

                                                /s/

                                        Holly B. Fitzsimmons
                                        United States Magistrate Judge